### G. W. ROBSON & Co. *v.* MURTY SHEA.

[Abstract Kentucky Law Reporter, Vol. 5—601.]

**Summons on a Garnishee.**

> A summons against a party as garnishee, even if he is in possession of the land belonging to the defendant, is not a levy on the land; and one can not be made liable as garnishee because he is in possession of defendant's land. A mere summons served on a garnishee creates no lien on defendant's land in the possession of such garnishee defendant.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 24, 1884.

OPINION BY JUDGE PRYOR:

There is no bill of discovery filed in this case nor, so far as the record shows, a return of "no property found" on any execution against the original debtor. We must presume from the records and the briefs that it was an ordinary attachment, and it so appears, commanding the sheriff to attach the money, choses in action and equitable interest of the defendant in the hands of M. J. Dudley, A. S. Berry and John S. Land, etc., in their county, or so much as would satisfy the claim of the plaintiff, etc. This was executed by delivering a copy to the parties named as garnishees, and no indorsement was made as to any debt garnisheed, or the purpose for which the writ was delivered. The garnishees were

summoned in the year 1874 and some six years after that time one of the garnishees, Berry, filed an answer to a rule in which he stated that he had no money in his hands belonging to the defendant, either at the date of the service of the garnishee or since, nor was he indebted to the defendant in any manner. He stated that he had sold the defendant, the railroad company, some land and had been paid for it.

This ended the litigation as to Berry, but the court proceeded to ascertain the description of the land sold by Berry to the defendant and then directed a sale of it to satisfy the debt. It had never been levied upon by the sheriff or any other officer, and we are at a loss to determine in what manner the lien was created or the proceeding in rem enforced as against the land without a levy. A summons against a party as garnishee, even if he was in possession of the land belonging to the defendant, is not a levy on the land, and one can not be made liable as garnishee because he is in possession of the land. He might be made liable for the rents by a proper proceeding if he had collected them and was liable to the debtor; but in this case a summons on the garnishee is held to create a lien on land. An attachment can be levied on land by leaving a copy with the occupant and if no occupant by posting in a conspicuous place thereon a copy of the order. Nothing of that sort was done in this case but the land sold by reason of a service on the garnishee only. There is nothing in the original action creating a lien, and no proceeding for a discovery to which the defendant was a party, and therefore the sale ought to have been set aside. The chancellor or common-law judge had no power to sell. There was nothing to sell. No land had been attached or proceedings instituted for that purpose. No title passed to the purchaser by reason of the judgment of sale and his purchase under it. It may be that the record is not complete, or that the levy of the attachment has been omitted.

Under the former code upon a return of "no property" the party might be summoned to make discovery, etc., and a lien was created by the levy of the attachment or the service of the summons with the object of the action indorsed thereon. No such proceedings or levy of the attachment was made in this case, and therefore as the record now stands the judgment must be *reversed* and cause remanded for proceedings consistent with this opinion.

*John S. Ducker, for appellants.*
*J. R. Hallam, A. Duvall, for appellee.*